# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Savankumar Bharatbhai Patel, et al, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 25-12712-MJJ |
| Pamela Bondi, Attorney General of the United States, et al, | ) ) ) | |
| Defendants. | ) ) ) | |

## <u>MEMORANDUM OF DECISION</u>

July 7, 2026

JOUN, D.J.

Savankumar Bharatbhai Patel, Vidhiben Gautamkumar Patel, Divyang Ramjibhai Patel and Mukeshkumar Gandabhai Patel ("Plaintiffs") bring this action against Pamela Bondi, in her official capacity as U.S. Attorney General at the time of the complaint, Kristi Noem, in her official capacity as Secretary of the U.S. Department of Homeland Security ("DHS") at the time of the complaint, Joseph B. Edlow, in his official capacity as Director of the U.S. Citizenship and Immigration Services ("USCIS") at the time of the complaint, and Connie Nolan, in her official capacity as Associate Director of the USCIS Vermont Service Center and USCIS Nebraska Service Center at the time of the complaint (together, "Defendants"). Plaintiffs seek relief under three theories.

First, under the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), Plaintiffs allege that Defendants have unreasonably delayed processing their petitions for U nonimmigrant ("U-

visa") status, including unreasonable delay in placing Plaintiffs on the statutory waiting list at 8 C.F.R. § 214.14(d)(2). [Doc. No. 1 at 27]. Second, Plaintiffs contend that Defendants have a nondiscretionary duty to place them on the U-visa waiting list, and that their failure to do so violates the Mandamus Act, 28 U.S.C. § 1361. [*Id.*]. Third, Plaintiffs allege that Defendants have unreasonably delayed in making a bona fide determination ("BFD") and issuing employment authorization documents ("EADs") in violation of the APA and section 214(p)(6) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1184(p)(6). [*Id.* at 28].

Plaintiffs seek to compel Defendants to complete BFD review of Plaintiffs' pending applications for nonimmigrant U-visas, place them on the U-visa waiting list, and adjudicate Plaintiffs' employment authorization applications. [Doc. No. 12 at 2]. Before me is Defendants' Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim. [Doc. 10]. For the reasons set forth below, Defendants' Motion is <u>GRANTED</u>.

## I.    BACKGROUND

### A.    <u>Statutory and Regulatory Context</u>

On October 28, 2000, Congress enacted the Victims of Trafficking and Violence Protection Act of 2000 ("VTVPA"), which amended the Immigration and Nationality Act ("INA") and created the U-visa program. The U-visa program was intended to create a mechanism for noncitizen victims of qualified crime to safely engage law enforcement and, likewise, for law enforcement to engage immigrant communities to deter, prevent, and prosecute criminal activity for the betterment of the United States. [Doc. No. 1 at 10]. The U-visa provides noncitizen victims of crime with an avenue for regularization of their immigrant status and other forms of relief, including employment authorization documents ("EADs"). [*Id.*]. To qualify for a U-visa, a petitioner must show that (1) they suffered substantial physical or mental abuse as a result of

having been a victim of qualifying criminal activity, (2) they have credible and reliable information about the qualifying crime, (3) they have been helpful, are being helpful, or are likely to be helpful to law enforcement in investigating or prosecuting the qualifying crime, and (4) the qualifying crime occurred in the United States, its territories or possessions or violated a U.S. federal law that allows for extraterritorial jurisdiction. 8 C.F.R. § 214.14(b).

The number of U-visas USCIS may issue is capped at 10,000 per fiscal year. 8 U.S.C. § 1184(p)(2). The USCIS typically processes U-visa petitions in the order received. [Doc. No. 11 at 12] (citing *V.U.C. v. United States Citizenship & Immigr. Servs.*, 557 F. Supp. 3d 218, 222 (D. Mass. 2021)). "The number of pending U visa petitions has . . . risen to almost 250,000, meaning that eligible petitioners who apply today will likely need to wait over 2 decades for a visa to become available." *Matter of Ibarra-Vega*, 29 I. & N. Dec. 476, 479 (BIA 2026). 8 C.F.R. § 214.14(b) states that, "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement." Once placed on the waiting list, USCIS grants the petitioner and qualified family members deferred action or parole, and USCIS, in its discretion, may authorize employment for such petitioners. 8 C.F.R. § 214.14(d)(2).

In 2008, Congress amended the VTVPA to grant the Secretary of DHS discretion to issue EADs to noncitizens with pending, bona fide U-visa petitions. [Doc. No. 11 at 3] (citing the William Wilberforce Trafficking Victims Protection Act, Pub. L. 110–457, § 201(c), codified at 8 U.S.C. § 1184(p)(6)). In June 2021, USCIS implemented the BFD process. [Doc. No. 1 at 13]. The BFD process grants USCIS the authority to grant EADs to U-visa petitioners without making the full merits determination required for waiting list placement if it determines that their petitions are bona fide and if the petitioner does not pose a national security or public safety risk. [Doc. No.

11 at 3]. The authority for the creation of this process is derived in part from 8 U.S.C. § 1184(p)(6), which states that "[t]he Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." Thus, "while their U-Visa petitions are pending, petitioners may receive work authorization through two distinct tracks: the waitlist track and the 'bona fide determination' (BFD) track." *Patel v. Noem*, 788 F. Supp. 3d 950, 953 (N.D. Ill. 2025). In March 2022, USCIS issued new internal cycle time goals and determined that it would be reasonable to review and process EADs within 3 months. [Doc. No. 1 at 15].

### B.    The Plaintiffs

The Plaintiffs are foreign nationals who have submitted U-visa petitions. Since the initial Complaint was filed, Plaintiff Vidhiben Gautamkumar Patel has been placed on the U-visa waiting list and has been approved for work authorization. [Doc. No. 11 at 4]. Plaintiff Divyang Ramjibhai Patel has received a positive BFD and has been approved for work authorization. [*Id*. at 4]. As such, the claims brought on behalf of those Plaintiffs are now moot. *Matt v. HSBC Bank USA, N.A.*, 783 F.3d 368, 372 (1st Cir. 2015) ("Here, there is literally no controversy left for the court to decide—the case is no longer 'live'") (citation omitted); *see also* [Doc. No. 12 at 2]. The U-visa applications for the following Plaintiffs remain pending:

- Plaintiff Savankumar Bharatbhai Patel, who was a victim of a qualifying crime that took place in Illinois on October 10, 2022. [Doc. No. 1 at 14]. He submitted a U-visa application on December 10, 2024, to the USCIS Vermont Service Center. [*Id.*]. As part of his application, Plaintiff submitted Form I-765, Application for Employment Authorization. [*Id.*]. USCIS has not completed BFD review of his application. His application remains pending. [*Id.* at 15].

- Plaintiff Mukeshkumar Gandabhai Patel, who was a victim of a qualifying crime that took place in New York on November 20, 2022. [*Id.* at 18]. He submitted a U-visa application on May 6, 2025, to the USCIS Vermont Service Center. As part of his application, Plaintiff submitted Form I-765, Application for Employment Authorization. [*Id.*]. USCIS has not completed BFD review of his application. His application remains pending. [*Id.* at 15].

Plaintiffs claim that their health and welfare have been impacted by the delays. Plaintiffs are unable to apply for drivers' licenses and health insurance, and are unable to travel. [*Id.* at 25]. Additionally, their employment has been adversely impacted by the delays. [*Id.*].

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993)). Review of dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is "similar to that accorded a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Murphy*, 45 F.3d at 522. That is, when "a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010). Further, "[w]hen faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." *Ne. Erectors Ass'n v. Sec'y of Lab.*, 62 F.3d 37, 39 (1st Cir. 1995).

### B.    Rule 12(b)(6)

In evaluating a Rule 12(b)(6) motion to dismiss, the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff, the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (citation omitted). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## III.    ANALYSIS

### A.    <u>Subject Matter Jurisdiction</u>

Defendants argue that 8 U.S.C. § 1252(a)(2)(B)(ii) bars review of Plaintiffs' claims such that this court lacks jurisdiction. [Doc. No. 11 at 9]. In the immigration context, the authority of the court to review agency decisions is expressly limited by 8 U.S.C. § 1252(a)(2)(B)(ii), which states that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum]." 8 U.S.C. § 1252(a)(2)(B)(ii). Therefore, "[a] federal court may not review the agency's discretionary decision-making in an immigration case." *Arias-Minaya v. Holder*, 779 F.3d 49, 52 (1st Cir. 2015).

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof," 5 U.S.C. § 702, unless "review is precluded by statute or the complained-of decision was committed to agency discretion." *Ruiz v. Mukasey*, 552 F.3d 269, 273 (2d Cir. 2009). Put another way, "the only agency action that can be compelled under the APA is action legally *required*." *Norton v. S. Utah Wilderness All.*, 124 S. Ct. 2373, 2379 (2004) (emphasis in original); s*ee also* 5 U.S.C. § 701(a) (excluding "agency action . . . committed to agency discretion by law" from the scope of APA review).

As explained below, because USCIS's decision to issue EADs and complete BFD Review are discretionary, these claims are jurisdictionally barred by 8 U.S.C. § 1252(a)(2)(B)(ii) and the court has no jurisdiction to consider these claims under the APA. However, waiting list placement is nondiscretionary, and therefore, the court has subject matter jurisdiction to review a claim of unreasonable delay with respect to U-visa waitlist adjudication.

### 1.    The Statutory Bar Under 8 U.S.C. § 1252(a)(2)(B)(ii)

#### a.    Employment Authorization Documents

Plaintiffs argue that Defendants have a nondiscretionary duty to issue employment authorization documents, and that their failure to do so violates Section 214(p)(6) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1184(p)(6), and the APA. [Doc. No. 1 at 28]. USCIS's EAD decisions fall within the bar on jurisdictional review at 8 U.S.C. § 1252(a)(2)(B)(ii) because they are clearly discretionary. 8 U.S.C. § 1184(p)(6) provides that "[t]he Secretary *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6) (emphasis added). "The word 'may' in a statute clearly connotes discretion." *Bouarfa v. Mayorkas*, 604 U.S. 6, 13 (2024) (citing *Biden v. Texas*, 597 U.S. 785 (2022)). Additionally, "[n]o part of the 2008 Trafficking Victims Protection Reauthorization Act – which added the permissive work-authorization provision in § 1184(p)(6) – *requires* the Secretary to implement that provision or adjudicate each work-authorization petition." *V.U.C.*, 557 F. Supp. 3d at 222 (emphasis added). "Because the decision to grant an EAD is at USCIS's discretion, the decision to delay adjudicating an EAD application likewise is discretionary and barred by § 1252(a)(2)(B)(ii)." *Patel v. Noem*, No. 24 C 12143, 2025 WL 1489204, at *2 (N.D. Ill. May 23, 2025).

Plaintiffs argue that they do not seek review of a discretionary decision of the Secretary of Homeland Security. Rather, they challenge USCIS's failure to perform its nondiscretionary duty to adjudicate and process their requests in accordance with the law. [Doc. No. 12 at 5]. Plaintiffs further argue that 8 U.S.C. Section 1252(a)(2)(B)(ii) does not strip this Court of jurisdiction over such claims because Section 1252(a)(2)(B)(ii) does not bar review of Agency inaction or failure to act. [*Id.* at 5]. I do not find Plaintiffs' argument persuasive. Because 8 U.S.C. § 1184(p)(6) provides that the Secretary "may" grant work authorization—a statutory grant of discretion— numerous courts have interpreted § 1252(a)(2)(B)(ii) as precluding judicial review of both the Executive Branch's discretionary decision and "any action leading to that decision, including the timing of the decision." *Patel*, 788 F. Supp. at 955 (citing *Garcia v. U.S. Citizenship & Immigr. Servs.*, 760 F. Supp. 3d 671, 673 (N.D. Ill. 2024)); *see, e.g.*, *Thigulla v. Jaddou*, 94 F.4th 770 (8th Cir. 2024) (applying § 1252(a)(2)(B)(ii) to discretionary decisions about the decision-making process, not just the outcome); *Gonzalez v. Cuccinelli*, 985 F.3d 357, 371 (4th Cir. 2021) ("[T]he agency is not required to implement or adjudicate pre-waiting-list work authorizations and so its failure to adjudicate Plaintiffs' requests in a timely manner is unreviewable"); *Garcia,* 760 F. Supp. 3d at 673 ("[N]umerous federal appeals courts have interpreted § 1252(a)(2)(B)(ii) as precluding judicial review not just of the Executive Branch's discretionary decision, but of the process and timing underlying that decision, too.").

Therefore, judicial review of Plaintiffs' EAD claims is barred by § 1252(a)(2)(B)(ii).

### b.     Bona Fide Determination

Plaintiffs also argue that USCIS has a nondiscretionary duty to complete BFD review of their applications. [Doc. No. 1 at 21]. U.S.C. § 1184(p)(6) provides that, "[t]he Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status

under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6). The statute does not define "bona fide," "bona fide application," or otherwise describe the process used to complete BFD review. Because the undefined term "bona fide" is included in the statute, which otherwise accords discretion to USCIS, interpretation of that term is itself subject to USCIS's discretion. *See Cuccinelli*, 985 F.3d at 371 ("[T]he term 'pending, bona fide application' does not transform the discretionary 'may' into a mandatory 'shall.' The decision to adjudicate remains discretionary."). "[T]he question is not whether USCIS *could* [define the 'bona fide' standard], but whether *Congress has* done so in Section 1184 itself. Congress has not done so here, and accordingly [the court] conclude[s] that it left the agency discretion to implement its discretionary authority under Section 1184(p)(6) – or not." *V.U.C.*, 557 F. Supp. 3d at 222 (citing *N-N v. Mayorkas*, 2021 WL 1997033, at *11 (E.D.N.Y. May 18, 2021) (emphasis in original)). "There is simply insufficient definitional content in the phrase 'bona fide' to compel agency action in the context of a statute that is framed, on its face, as discretionary." *N-N v. Mayorkas*, 540 F. Supp. 3d at 257–58. "[T]he agency has no court-enforceable duty to determine the 'bona fide' status of pending applications." *Id.* at 258. "[A] determination of whether a petition is 'bona fide' is discretionary, which means granting or denying a BFD is discretionary too." *Patel*, 788 F. Supp. 3d at 955.

Plaintiffs argue that § 1252(a)(2)(B)(ii) does not strip this Court of jurisdiction because it bars review only of a decision or action where authority is specified to be discretionary, and thus review of agency inaction or unreasonable delay is not barred. [Doc. No. 12 at 7]. Courts are split over whether the § 1252(a)(2)(B)(ii) jurisdictional bar applies to BFD review. In *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, the Sixth Circuit relied on the USCIS Policy Manual to establish a "back-to-front" interpretation. The USCIS Policy Manual states that:

> During the BFD process, USCIS first determines whether a pending petition is bona fide. Second, USCIS, in its discretion, determines whether the petitioner poses a risk to national

9

security or public safety, and otherwise merits a favorable exercise of discretion. If USCIS grants the alien a Bona Fide Determination Employment Authorization Document (BFD EAD) as a result of the BFD process, USCIS then also exercises its discretion to grant that alien deferred action for the period of the BFD EAD.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES, POLICY MANUAL, VOL. 3, PART C, CH. 5, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 (last visited July 6, 2026). Based on this language, the Sixth Circuit held that BFD review is a mandatory prerequisite that occurs before discretion enters the equation. The Sixth Circuit explained that: "§ 1184(p)(6) is properly read back to front à la *Weyerhaeuser*. USCIS must decide whether a principal petitioner's U-visa 445 application is 'bona fide' before the agency undertakes discretionary decisions about national security, public safety, and other relevant factors and before USCIS makes more discretionary decisions to issue a BFD EAD and grant deferred-action status. In other words, Section 1184(p)(6) is not a wholly discretionary statute. We thus do not read § 1184(p)(6) as 'specifying' discretion for § 1252(a)(2)(B)(ii) purposes." *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 444–45 (6th Cir. 2022). The court in *Ayala v. Noem* reached a similar conclusion, stating that "whether a pending application is 'bona fide' is a threshold determination that USCIS must make before any discretion enters the equation." 781 F. Supp. 3d 1187, 1199 (D.N.M. 2025).

However, a district court in Illinois disagreed with *Barrios Garcia*, holding that the "bar on jurisdiction extends not only to USCIS's substantive decision to grant or deny work authorization under § 1184(p)(6), but also to any action leading to [that] decision[ ] as well, including timing." *Patel*, 788 F. Supp. 3d at 955 (cleaned up) (citing *Garcia*, 760 F. Supp. 3d at 673); *see also Hernandez v. Jaddou*, 792 F. Supp. 3d 739, 744 (S.D. Tex. 2025) ("USCIS' judgment of whether an application is bona fide relates to the granting of work authorization—which is discretionary. Thus, BFD is discretionary and unreviewable"); *Nayi v. Noem*, 799 F. Supp. 3d 739, 747 (N.D. Ill. 2025) ("The term 'bona fide' is nowhere defined in the statutory scheme.

10

Without any other statutory or regulatory indication that this determination is mandatory, the bona fide determination must fall within the same discretion granted by § 1184(p)(6)").

The Fourth Circuit also disagreed with *Barrios Garcia*, instead suggesting that § 1184(p)(6) be read front-to-back—meaning USCIS may exercise discretion to adjudicate a pre-waitlist work authorization application and then determine BFD as a prerequisite. *Cuccinelli*, 985 F.3d at 371 ("The term 'pending, bona fide application' merely sets forth a prerequisite that the agency must satisfy if it chooses, in its discretion, to conduct an adjudication. For even if the agency finds an applicant meets the 'pending, bona fide' standard, the agency may still deny her a work authorization. Nothing about the 'standard' guides its discretion in making that decision."); *See also Hidalgo Canevaro v. Wolf*, 540 F. Supp. 3d 1235, 1243 (N.D. Ga. 2021) (citing *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1376–77) (M.D. Ga. 2019) ("Although 8 U.S.C. § 1884(p)(6) sets criteria for work authorization eligibility, i.e., that the pending application be bona fide, it does not require DHS or UCSIS to 'implement the pre-waiting list work authorization program and adjudicate requests for this discretionary relief.'"). "'Absent a non-discretionary duty, this Court is without jurisdiction under the APA to review the pace at which' UCSIS is considering whether Plaintiffs are bona fide petitioners eligible for work authorizations." *Hidalgo Canevaro*, 540 F. Supp. 3d at 1243 (N.D. Ga. 2021) (quoting *Eldeeb v. Chertoff*, 619 F. Supp. 2d 1190, 1209 (M.D. Fla. 2007)).

I am reluctant to adopt the Sixth Circuit's broad assertion of APA § 706(1) jurisdiction in *Barrios Garcia* to compel USCIS to complete BFD review. There is a "presumption favoring interpretations of statutes [to] allow judicial review of administrative action." *Bernardo ex rel. M & K Eng'g, Inc. v. Johnson*, 814 F.3d 481, 485 (1st Cir. 2016) (citing *Kucana v. Holder*, 558 U.S. 233, 237 (2010)). However, this "presumption . . . is just that—a presumption. . . . [L]ike all

11

presumptions used in interpreting statutes, [it] may be overcome by specific language . . . that is a reliable indicator of congressional intent." *Id.* (citing *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 349 (1984)). Here, the language of the statute provides that, "The Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." U.S.C. § 1184(p)(6). "[T]he term 'pending, bona fide application' does not transform the discretionary 'may' into a mandatory 'shall.' The decision to adjudicate remains discretionary." *Cuccinelli*, 985 F.3d at 371. Plaintiffs do not cite favorable case law that would compel me to adopt the Sixth Circuit's broad holding in *Barrios Garcia*. Instead, Plaintiffs merely repeat their argument that they are challenging USCIS's nonaction, not a discretionary decision itself.

Therefore, 8 U.S.C. § 1252(a)(2)(B)(ii) precludes jurisdiction over this claim.[1] Because this court lacks jurisdiction[2] to review Plaintiffs' claims challenging the processing of their BFD and EAD adjudications, Defendants' Motion to Dismiss as to those claims are <u>GRANTED</u>. I next address whether this Court has jurisdiction to review Plaintiffs' claim that USCIS's adjudication of Plaintiffs' U-visa petitions was unreasonably delayed, and if so, whether Plaintiffs have adequately stated a claim for unreasonable delay.

---

[1] Defendants also argue that Plaintiffs lack standing to challenge the pace of their BFD determinations. I need not reach this argument as I conclude that this Court lacks jurisdiction to review this claim.

[2] Plaintiffs' EAD and BFD claims are not reviewable under the Mandamus Act, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Plaintiffs "cannot rely on the mandamus statute as an independent basis of subject matter jurisdiction." *1610 Corp. v. Kemp*, 753 F. Supp. 1026, 1032 (D. Mass. 1991). Moreover, mandamus relief is available only where the defendant owes the plaintiff a "clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). No such duty is presented here. *Crus*, 2025 WL 840852, at *4 (finding that the court lacks subject matter jurisdiction under the Mandamus Act because "USCIS has no clear duty to act on Crus's I-601A waiver application"). However, because I have found that Plaintiffs' U-visa waiting list claim is reviewable under the APA, Plaintiffs' Mandamus claim regarding the waiting list need not be addressed.

### c.    U-visa Waiting List

Plaintiffs argue that USCIS has a nondiscretionary duty to place them on the U-visa waiting list. [Doc. No. 1 at 27]. Courts have generally held that the decision to place someone on the U-visa waiting list is nondiscretionary. *See V.U.C.*, 557 F. Supp. 3d at 222 (holding that an unreasonably delayed waiting list determination is reviewable under the APA); *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588 (W.D. Tex. 2019) (holding that USCIS has a nondiscretionary duty to adjudicate U-visas within a reasonable time, and thus, District Court had jurisdiction under APA); *Lara Santiago v. Mayorkas*, 554 F. Supp. 3d 1340 (N.D. Ga. 2021) (same).

8 U.S.C. § 214.14(d) states that "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on a waiting list and receive written notice of such placement." 8 U.S.C. § 214.14(d) (emphasis added). "Accordingly, USCIS has no discretion over *whether* to adjudicate a U-visa petition for waitlist eligibility. A claim that USCIS unreasonably delayed a U-visa waitlist determination is thus reviewable under the APA." *V.U.C.*, 557 F. Supp. 3d at 222 (emphasis in original). Therefore, judicial review of Plaintiffs' waiting list claims is not barred.

### B.    Failure to State Claim

Having established this Court's jurisdiction to review Plaintiffs' unreasonable delay claim regarding adjudication of their U-visas, I now turn to whether Plaintiffs have stated a claim on the merits. Defendants argue that the time USCIS has taken to process Plaintiffs' U-Visa petitions has not been unreasonable. Because I agree with Defendants, I need not address their remaining arguments as to why the claim must be dismissed.

The APA requires federal administrative agencies to address matters within a reasonable time, 5 U.S.C. § 555(b), and instructs federal courts to "compel agency action unlawfully withheld

or unreasonably delayed[.]" 5 U.S.C. § 706(1). In evaluating an unreasonable delay claim, courts look to the six-factor test articulated by the D.C. Circuit in *Telecommunications Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79 (D.C. Cir. 1984) ("*TRAC*" or "TRAC"), which was adopted by the First Circuit in *Towns of Wellesley, Concord & Norwood, Mass. v. FERC*, 829 F.2d 275, 277 (1st Cir. 1987), for claims of agency delay:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*TRAC*, 750 F.2d at 80 (cleaned up). Analysis of these factors involves a "fact intensive inquiry." *Novack v. Miller*, 727 F. Supp. 3d 70, 77 (D. Mass. 2024) (citing *V.U.C.*, 557 F. Supp. 3d at 223). While these factors are intended to provide "useful guidance in assessing claims of agency delay," they "are not ironclad." *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 317 (D.D.C. 2020) (citations omitted). "[E]ach case must be analyzed according to its own unique circumstances, as each will present its own slightly different set of factors to consider." *Id.* (cleaned up). Thus, their application usually should not be decided at the motion to dismiss stage. *Novack*, 727 F. Supp. 3d at 77; *see also Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) ("Resolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court"). Accepting the factual allegations in the Complaint as true, I find that the *TRAC* Factors lean in favor of dismissal.

### A. TRAC Factors 1 and 2

The First and Second TRAC Factors weigh in favor of Defendants. The First TRAC Factor states that agencies must be governed by a "rule of reason." *TRAC*, 750 F.2d at 80. The rule of reason is the "most important' factor." *Ctr. for Biological Diversity v. United States Fish & Wildlife Serv.*, 772 F. Supp. 3d 1074, 1085 (D. Ariz. 2025) (quoting *Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022)). Courts have found that an agency's process is governed by a "rule of reason" if petitions are adjudicated in the order they were filed. *See Ahadian v. Rubio*, No. 24-cv-12168, 2025 WL 1617224, at *7 (D. Mass. June 6, 2025) ("As to the first factor, for visa applications, courts have generally found that an agency's process is governed by a 'rule of reason,' namely adjudicating them 'in the order they were filed'"). U-Visa applications are generally processed in the order they were received. *See V.U.C.*, 557 F. Supp. 3d at 222. Therefore, "USCIS's practice of considering U-visa petitions in the order they are received is a 'rule of reason.'" *Id.* at 223 (cleaned up).

The Second TRAC Factor examines whether Congress has provided a timetable for agency action. "Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for th[e] rule of reason." *Am. Acad. of Pediatrics v. United States Food & Drug Admin.*, 330 F. Supp. 3d 657, 665 (D. Mass. 2018) (quoting *TRAC*, 750 F.2d at 80). Here, "Congress has not specified a timetable for action," *V.U.C.*, 557 F. Supp. 3d at 223, and Plaintiffs have not alleged that Congress has specified a timetable for adjudicating U-visa petitions. [Doc. No. 12 at 9]; [Doc. No. 13 at 3]. Absent a statutory timetable, "the Court looks to case law for guidance." *Dastagir v. Blinken*, 557 F. Supp. 3d 160, 165 (D.D.C. 2021). The Court also "ask[s] whether 'the delay has . . . reached the level of disproportionality . . . previously held sufficient to grant relief.'" *Ghannad-*

*Rezaie v. Laitinen*, 757 F. Supp. 3d 148, 155 (D. Mass. 2024). Additionally, "[a]bsent a precise statutory timetable or other factors counseling expeditious action, an agency's control over the timetable is entitled to considerable deference." *Mexichem Specialty Resins, Inc. v. E.P.A.*, 787 F.3d 544, 555 (D.C. Cir. 2015) (cleaned up).

Plaintiffs focus on the amount of time it has taken USCIS to adjudicate their petitions, claiming that "a rule of reason must still produce reasonable results," and that the "prolonged delay" in adjudicating Plaintiffs' U-visa petitions renders the rule of reason unreasonable in this case. [Doc. No. 12 at 8]. Plaintiffs also argue that "the absence of a statutory deadline does not authorize indefinite delay." [Doc. No. 12 at 9]. Plaintiffs point to USCIS's internal cycle goals of 3 months for processing Form I-765. [Doc. No. 1 at 25]. Plaintiffs also point to the USCIS website, which states that 80% of U-visa petitions are processed within 18.5 months and 80% of I-765 forms are processed within 8 months. [Doc. No. 12 at 9] (citing USCIS Processing Times). Defendants dispute this statistic, arguing that the Form I-765 statistic refers only to standalone applications for work authorization, *not* petitions for U-visas. [Doc. No. 13 at 4].

A "determination that [month processing] is a rule of reason is . . . based on the policy's rationale, not on its efficacy." *Celebi v. Mayorkas*, 2024 WL 3744654, at *4 (D. Mass. Aug. 9, 2024); *see also Ctr. for Sci. in the Pub. Int. v. United States Food & Drug Admin.*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014) (requiring only that defendants provide a "rhyme or reason" for their policy and delay and holding that plaintiffs have not shown that time the agency took to respond approached an "egregious" standard). As of the date of this decision, Plaintiff Savankumar Bharatbhai Patel's U-visa petition has been pending for roughly 18 months, and Mukeshkumar Gandabhai Patel's U-visa petition has been pending for roughly 16 months. This is within the normal range of processing times for U-visa petitions. Additionally, this District has previously

16

held that a delay of four years—nearly twice Plaintiffs' wait time—in adjudicating U-visa waitlist eligibility was not unreasonable. *V.U.C.*, 557 F. Supp. 3d (D. Mass. 2021). Plaintiffs have therefore failed to put forth allegations that demonstrate that USCIS's processing times are unreasonable or egregious. *See Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 178 (1st Cir. 2016) ("The duration of administrative proceedings, without more, cannot suffice to demonstrate that an agency's actions are unreasonable"); *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153-54 (D.D.C. 2017) (noting that a two-year delay "does not typically require judicial intervention").

For these reasons, TRAC Factors One and Two lean in Defendants' favor.

## B.   TRAC Factors 3 and 5

The Third and Fifth TRAC Factors weigh in favor of Defendants. They are often considered together to assess "the interests prejudiced by delay, including the delay's effect on human health and welfare." *Durrani v. Bitter*, 2024 WL 4228927 at *5 (cleaned up). Plaintiffs claim that their health and welfare have been substantially prejudiced by the Defendants' unreasonable delay, including Plaintiffs' inability to work lawfully, obtain a driver's license, secure health insurance, and travel safely. [Doc. No. 11 at 14]. While I am sympathetic to these harms, Plaintiffs have not put forth sufficient allegations that the harm they have experienced is distinct from others in the U-visa waiting list queue. *Celebi*, 2024 WL 3744654 at *5 ("While the Court acknowledges the difficulties posed by plaintiff's pending status, he has failed to allege facts that set him apart from the hundreds of thousands of other asylum seekers"); *V.U.C.*, 557 F. Supp. 3d at 223 ("[W]hile plaintiffs' welfare interests are weighty, they are no more so than those of all U-visa petitioners awaiting waitlist adjudication") (cleaned up). "[P]resumably every U-Visa applicant 'is in the same position, and thus a juridically-sanctioned re-ordering of USCIS's process would net no prioritization of human welfare.'" *Jiwani v. Dir. of United States Citizenship &*

17

*Immigr. Servs.*, No. 1:25-cv-2847, 2026 WL 788945, at \*10 (N.D. Ga. Mar. 18, 2026) (quoting

*Hidalgo Canevaro*, 540 F. Supp. 3d at 1245).

As such, these factors do not support a finding of unreasonable delay.

### C.  TRAC Factor 4

The Fourth TRAC factor weighs in favor of Defendants. TRAC Factor Four asks courts to

"take into account the nature and extent of the interests prejudiced by delay." *TRAC*, 750 F.2d at

80 (cleaned up). This fourth factor carries great weight in favor of Defendants here "because courts

have no basis for reordering agency priorities." *Durrani*, 2024 WL 4228927 at \*5 (citation

omitted). Indeed, courts have often "refus[ed] to grant relief to petitioners when all factors other

than the fourth favored the petitioner[s]." *Id.* (citation omitted). As such, courts consistently

decline to move plaintiffs to the front of the line, even when the rest of the factors favored the

plaintiffs, if doing so would push all others back one space, thus producing "no net gain." *Id.*

(citation omitted). Plaintiffs do not argue that expediting their cases would have no impact on other

U-visa applicants.[3] Because Congress has not specified a timetable for action (*TRAC* Factor Two),

expediting Plaintiffs' petitions would displace other petitioners in the queue who have waited

longer for the same relief (*TRAC* Factor Four). *See Mashpee Wampanoag Tribal Council, Inc.*,

---

[3] Instead, Plaintiffs argue that a lack of resources is a political problem which should not adversely impact them. [Doc. No. 1 at 26]. I find this argument is unpersuasive. Plaintiffs cite *Zhou v. F.B.I.* No. 07-cv-238, 2008 WL 2413896, at \*7 and *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 745. Both *Zhou* and *Aslam* involve I-485 applications to adjust applicants' legal status to become lawful permanent residents. Zhou's application was approximately 18 months behind other I-485 applications because other applications were processed before his, even though his application was submitted at an earlier date. Zhou's application had been pending for nearly 3 years. Aslam filed his I-485 petition because he married a U.S. citizen. A USCIS adjudicator recommended approval of his application, but final approval could not occur until the FBI completed a name check. Aslam had been stuck in the FBI name check stage of the approval process for three years. By contrast, Plaintiffs' petitions for U-visa status here have been pending for less than two years. Plaintiffs' applications are not months behind other applications, as Zhou's was, nor are Plaintiffs stuck in the final stage of approval, as Aslam was. Thus, my analysis of *TRAC* Factor Four is necessarily different from the analysis performed in *Zhou* and *Aslam*. "[A]n agency has broad discretion to choose how best to marshal its limited resources and personnel to carry out its delegated responsibilities." *Massachusetts v. E.P.A.*, 549 U.S. 497, 527 (2007).

336 F.3d at 1100 ("We have noted before the importance of 'competing priorities' in assessing the reasonableness of an administrative delay . . . . [W]e refused to grant relief [in a prior decision], even though all the other factors considered in *TRAC* favored it, where 'a judicial order putting [the petitioner] at the head of the queue [would] simply move[] all others back one space and produce[] no net gain.'"). Absent an allegation that Plaintiffs are in exceptional or unique circumstances as compared to the thousands of other applicants awaiting a decision, *V.U.C.*, 557 F. Supp. 3d at 224, *TRAC* Factor Four weighs in Defendants' favor.

### D. TRAC Factor 6

Plaintiffs' Complaint does not allege any impropriety on the part of USCIS. As such, I need not address this factor.

Because the *TRAC* Factors weigh in favor of Defendants, I find that Plaintiffs have failed to state a claim for relief for their unreasonable delay claim under the APA. As such, Defendants' Motion to Dismiss is GRANTED as to this claim.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, [Doc. No. 10], is GRANTED. SO ORDERED.

/s/ Myong J. Joun
United States District Judge